UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN SULLIVAN                  * | |
|                                * | |
|       Plaintiff,                 * | |
|                                * | Civil Action No: 07-0685 (RWR) |
|       v.                             * | |
|                                * | |
| CENTRAL INTELLIGENCE AGENCY      * | |
| et al.                                * | |
|                                * | |
|       Defendants.            * | |
| *    *    *    *    *    *    *    *    *    *    *    * | |

**PLAINTIFF'S CONSENTED-TO MOTION FOR EXTENSION OF TIME**

NOW COMES the plaintiff John Sullivan, by and through his undersigned counsel, to respectfully move the Court for an extension of time of thirty days to on or before Thursday, March 13, 2008, in which to either file or submit his response for classification review to the defendants' Motion to Dismiss.[1] The present due date is February 14, 2008. This is the first request for an extension of time.

The defendants' motion was filed on January 31, 2008. During the period of time in question since the filing of my client's Notice of Appeal, I have been juggling more than one dozen matters that were time sensitive before the Central Intelligence Agency, Defense Intelligence Agency and the Department of Defense. Many of the matters involved security clearance revocation/denials and personnel actions (EEO complaints, IG investigations, etc) that faced deadlines that if they had not been met could have resulted in the loss of employment or discipline for the client.

---

[1] The plaintiff, as a former CIA employee, is required to submit any documentation concerning his activities with the Agency for prepublication review in order to ensure no classified information is inadvertently released. Additionally, plaintiff's counsel, depending upon further consideration of the case, may also face a similar requirement. Therefore, certain documents associated with the filing may first require a classification review and, as a result, the "deadline" date may not actually constitute an actual filing with the Court of the plaintiff's response. After receiving approval from the CIA that no classified information is at issue, plaintiff's counsel can file the document via ECF.

Additionally, I have had briefing deadlines or other obligations in at least the following cases: <u>Boening v. CIA</u>, Civil Action No. 07-430 (D.D.C.), <u>James Madison Project v. CIA</u>, Civil Action No. 07-2306 (D.D.C.), <u>James Madison Project v. CIA</u>, Civil Action No. 07-1154 ((D.D.C.), <u>James Madison Project v. CIA</u>, Civil Action No. 07-1382 (D.D.C.), and <u>German v. Bethesda Fire Department et al.</u>, Civil Action No. PJM-05-CV-494 (D.Md),

Furthermore, and most significantly, the undersigned is serving as the senior civilian defense counsel in the Marine criminal prosecution of <u>U.S. v. Wuterich</u> which arose out of the deaths of 24 alleged civilians in Haditha, Iraq on November 19, 2005. SSgt Frank Wuterich, the squad leader from that day, is facing 160 years in prison; the stakes are high. This case has had the highest profile of all prosecutions from the Iraq War. SSgt Wuterich was arraigned at Camp Pendleton, California (where all the proceedings take place) on January 8, 2008, and an aggressive trial schedule was set. Pre-trial motions, two of which the undersigned has primary responsibility, had deadlines of January 31, 2008 and February 7, 2008. Motions hearings are to be held from February 13-15, 20-22, 2008. The court-martial proceeding is scheduled to begin on March 3, 2008 and last for two weeks.

The undersigned leaves for California for up to five weeks beginning February 12, 2008, and is literally juggling every case he has in a frantic effort to timely address all deadlines before that date. Although the requested extension date is during the schedule for the court-martial, the undersigned believes it may be possible to accommodate the workload. Worst case scenario one additional slight extension may be sought, but only if absolutely necessary.

On top of all the above, counsel is also responsible for preparing and teaching two CLE courses for the DC Bar on February 7, 2008), and February 11, 2008.

Plaintiff's counsel has discussed this request with counsel for the defendant and he has consented to this request. The granting of this motion shall not result in the continuance of any hearing, conference or trial. A proposed Order accompanies this Motion.

Date: February 11, 2008

                                        Respectfully submitted,

                                            /s/
                                      _____
                                      Mark S Zaid, Esq.
                                      D.C. Bar #440532
                                      Mark S. Zaid, P.C.
                                      1250 Connecticut Avenue, N.W.
                                      Suite 200
                                      Washington, DC 20036
                                      (202) 454-2809
                                      (202) 330-5610 fax
                                      ZaidMS@aol.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN SULLIVAN | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No: 07-0685 (RWR) |
| v. | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| et al. | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of plaintiff's Consented-To Motion for Extension of Time, and it appearing that the relief prayed is just and appropriate, it is this _____ day of February 2008,

ORDERED, that plaintiff's Motion is granted; and

FURTHER ORDERED, that the plaintiff has up to or before March 13, 2008, to submit his responsive documents to the CIA for classification review or file via ECF if possible.

_____
UNITED STATED DISTRICT JUDGE